UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. GHOLAR SR., | NO. CV 19-2877-ODW(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| LAURA ELDRIDGE, Warden, | |
| Respondent. | |

**BACKGROUND**

Petitioner filed a "Petition for a Writ of Habeas Corpus By a Person in State Custody" ("the Petition") on April 15, 2019. The Petition consists of a form Petition to which is attached a handwritten Petition and other documents, including exhibits and "affidavits" of Petitioner. Also on April 15, 2019, Petitioner filed a "Motion Requesting an Evidentiary Hearing" and a "Motion to Show Cause Why Relief Should or Should Not Be Granted" ("Petitioner's Motions").

///

Petitioner purports to challenge his 1987 sodomy conviction in Los Angeles County Superior Court case number A091875, for which Petitioner received a prison sentence of fifteen years (see Form Petition at 2). Petitioner asserts, inter alia, that the evidence did not support the sodomy conviction and that Petitioner supposedly is actually innocent of that crime.

Evidence of Petitioner's 1987 conviction was introduced against Petitioner during his 2001 criminal trial in Kern County Superior Court case number SC81573. See "Findings and Recommendation Regarding Petition for Writ of Habeas Corpus," filed January 31, 2005, in Gholar v. Scribner, United States District Court for the Eastern District of California case number 1:03-CV-5371-AWI DLB HC.[1] Petitioner's 1987 conviction was also used to enhance his sentence in the 2001 case. See id.

Petitioner thereafter challenged his 1987 conviction in several federal habeas petitions. Petitioner also has filed a number of federal habeas petitions challenging his 2001 conviction on the ground, inter alia, that the use of the 1987 conviction in the 2001 case assertedly was unlawful. Petitioner further has filed in the United States Court of Appeals for the Ninth Circuit multiple applications to file a second or successive habeas petition concerning his 1987 conviction, his 2001 conviction or both. Petitioner's

---

[1] The Court takes judicial notice of the dockets and documents filed in Petitioner's prior federal habeas actions and applications to the Ninth Circuit Court of Appeals mentioned herein. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

previous relevant filings are summarized below:

**PETITIONER'S PREVIOUS RELEVANT FILINGS**

**I.** <u>**Gholar v. Scribner, United States District Court for the Central District of California Case Number 03-2705-GHK(E); United States District Court for the Eastern District of California Case Number CV F 03-5955 REC DLB HC.**</u>

On April 17, 2003, Petitioner filed a habeas corpus petition in this Court, in <u>Gholar v. Scribner</u>, case number 03-2705-GHK(E). On June 30, 2003, the Court issued an "Order Transferring Action to United States District Court for the Eastern District of California." The transfer order stated that the petition purported to challenge Petitioner's 1987 conviction, the sentence for which had fully expired. Therefore, the order stated, Petitioner could not attack the 1987 conviction and/or sentence because he no longer was "in custody" with respect to that conviction for purposes of federal habeas corpus jurisdiction. See <u>Maleng v. Cook</u>, 490 U.S. 488, 490-92 (1989); 28 U.S.C. § 2254(a). The order further stated that Petitioner appeared to contend that the 1987 conviction was used to "influence" the jury in the Kern County Superior Court case and to enhance Petitioner's sentence in that case. Liberally construing the petition as an attack on the Kern County Superior Court sentence, the Court transferred the action to the Eastern District of California pursuant to 28 U.S.C. section 2241(d).

///

The case then was filed in the Eastern District of California as Gholar v. Scribner, case number CV F 03-5955 REC DLB HC. Thereafter, on July 24, 2003, Petitioner submitted a document clarifying his intention to challenge the 1987 conviction directly, rather than as the conviction was used to enhance the 2001 sentence. See "Report and Recommendation, etc.," filed October 29, 2003, in Gholar v. Scribner, case number CV F 03-5955 REC DLB HC, at p. 3. In the Report and Recommendation filed October 29, 2003, the Magistrate Judge stated, inter alia, that, because Petitioner was not incarcerated on the 1987 conviction, Petitioner could not bring a federal habeas petition based solely on that conviction. (Id. at p. 4). The Magistrate Judge inter alia recommended dismissal of the petition for lack of subject matter jurisdiction. On December 19, 2003, the District Judge issued an "Order Adopting Report and Recommendation, etc." Judgment was entered on December 22, 2003. The United States Court of Appeals for the Ninth Circuit denied Petitioner's application for a certificate of appealability on June 1, 2004.

**II.  Gholar v. Scribner, United States District Court for the Eastern District of California Case Number 1:03-CV-5371 AWI DLB HC**

Petitioner filed a petition for habeas corpus on March 26, 2003, in the United States District Court for the Eastern District of California in Gholar v. Scribner, 1:03-CV-5371 AWI DLB HC. Therein, Petitioner challenged his 2001 conviction and alleged, among other things, that the sentencing court should not have used his 1987 conviction to enhance his 2001 sentence because the evidence allegedly was insufficient to support the 1987 conviction. See "Order Denying

Petitioner's Motion to Amend Petition," filed December 23, 2004, in Gholar v. Scribner, 1:03-CV-5371 AWI DLB HC. On January 31, 2005, the Magistrate Judge issued "Findings and Recommendation Regarding Petition for Writ of Habeas Corpus," recommending denial of the petition and inter alia rejecting Petitioner's challenge to the use of the 1987 conviction as a "strike" to enhance his 2001 sentence. The Magistrate Judge reasoned that Petitioner's challenge was barred by Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), which holds that a prior conviction no longer open to direct or collateral attack in its own right generally is not subject to a collateral attack in a federal habeas petition challenging a current conviction or sentence.

Judgment was entered on May 4, 2005. On May 25, 2005, the District Court issued an "Order Granting in Part and Denying in Part a Certificate of Appealability," granting a certificate of appealability on Petitioner's challenge to the use of the 1987 conviction to enhance Petitioner's 2001 sentence. The United States Court of Appeals for the Ninth Circuit affirmed the judgment on July 26, 2006, in Gholar v. Scribner, case number 05-16096. The Ninth Circuit expressly rejected Petitioner's claim that his purported actual innocence of the 1987 conviction rendered unconstitutional the use of his prior conviction to enhance his 2001 sentence, citing Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). See Gholar v. Scribner,
///
///
///
///

5

191 Fed. App'x 579 (9th Cir. 2006).[2]

Over three years later, Petitioner attempted a second appeal. On October 13, 2011, Petitioner filed a notice of appeal in the Ninth Circuit, in Gholar v. Scribner, case number 11-17594. On October 28, 2011, the Ninth Circuit dismissed the appeal because Petitioner had not filed or delivered to prison officials his notice of appeal within thirty days of the judgment entered May 4, 2005.

III. **Gholar v. Yates, United States District Court for the Eastern District of California Case Number 1:08-CV-00569 OWW GSA HC**

On April 24, 2008, Petitioner filed a habeas corpus petition in the United States District Court for the Eastern District of California in Gholar v. Yates, case number 1:08-CV-00569 OWW GSA HC. The petition sought to challenge Petitioner's 2001 conviction, alleging, among other things, that Petitioner's counsel rendered ineffective assistance by failing properly to investigate and

---

[2] The Ninth Circuit's opinion speaks of the "1986 prior." Neither the record herein nor the PACER database contain the briefs filed in the Ninth Circuit. However, in other submissions to the Ninth Circuit, Petitioner sometimes referred to the subject Kern County Superior Court conviction as his "1986" prior conviction. See e.g., "Application for Leave to File Second or Successive Petition, etc.," filed March 9, 2015, in Gholar v. Sherman, United States Court of Appeals for the Ninth Circuit case number 15-71725, at pp. 1 of 46, 2 of 46, 9 of 46, 11 of 46 & A; "Application for Leave to File Second or Successive Petition, etc.," filed May 23, 2016, in Gholar v. Sherman, United States Court of Appeals for the Ninth Circuit case number 16-71643, at pp. 5 of 52, 12 of 52, 15-16 of 52, 20 of 52 & Ex. E. It is evident in context that Petitioner's reference to the "1986" prior in these proceedings concerned the Los Angeles County Superior Court conviction in case number A091875, which Petitioner now calls the "1987" prior conviction.

6

challenge the use of Petitioner's 1987 conviction as prior bad act evidence and as a sentence enhancement. On May 7, 2008, the Magistrate Judge issued "Findings and Recommendation Regarding Dismissal of Successive Petition, etc.," recommending dismissal of the petition as second or successive pursuant to 28 U.S.C. section 2244(b). See Gholar v. Yates, 2008 WL 1990465 (E.D. Cal. May 7, 2008). The Magistrate Judge reasoned that Petitioner previously had sought habeas relief with respect to the 2001 conviction and sentence in Gholar v. Scribner, 1:03-CV-5371 AWI DLB HC. The District Judge issued an "Order Adopting Findings and Recommendations, etc." on June 16, 2008, and judgment was entered on that date. See Gholar v. Yates, 2008 WL 2477590 (E.D. Cal. June 16, 2008).

**IV. Gholar v. Scribner, United States Court of Appeals for the Ninth Circuit Case Number 09-71320**

On May 4, 2009, Petitioner filed in the United States Court of Appeals for the Ninth Circuit an "Application for Permission to File a Second or Successive Habeas Corpus Petition." The Application stated that Petitioner was challenging both his 1987 conviction and his 2001 conviction. The Ninth Circuit denied the Application on July 28, 2009.

///
///
///
///
///

**V. Gholar v. Yates, United States District Court for the Eastern**

**District of California Case Number 1:10-CV-00036 AWI GSA HC**

On January 7, 2010, Petitioner filed a habeas corpus petition in the United States District Court for the Eastern District of California in Gholar v. Yates, case number 1:10-CV-00036 AWI GSA HC. The petition again sought to challenge Petitioner's 2001 conviction. The petition alleged, among other things, that Petitioner's counsel assertedly failed to challenge the use of the 1987 conviction to enhance Petitioner's sentence and that Petitioner allegedly was innocent of the 1987 charges. On March 9, 2010, the Magistrate Judge issued "Findings and Recommendation Regarding Dismissal of Successive Petition for Writ of Habeas Corpus, etc.," deeming the petition successive in light of Gholar v. Scribner, 1:03-CV-5371 AWI DLB HC and Gholar v. Yates, case number 1:08-CV-00569 OWW GSA HC. See Gholar v. Yates, 2010 WL 891908 (E.D. Cal. Mar. 9, 2010). On April 16, 2010, the District Judge issued an "Order Adopting Findings and Recommendation, etc." Judgment was entered on that date. The Ninth Circuit denied Petitioner's request for a certificate of appealability on August 31, 2010.

**VI. Gholar v. Yates, United States Court of Appeals for the Ninth Circuit Case Number 10-72638**

On August 27, 2010, Petitioner filed in the United States Court of Appeals for the Ninth Circuit an "Application for Leave to File a Second or Successive Petition etc." The Application asserted that Petitioner was innocent of the crimes for which he had been convicted in 1987 and that the 1987 conviction had been used improperly to

enhance his 2001 sentence.  The Ninth Circuit denied the Application on October 12, 2010.

**VII.  Gholar v. Yates, United States Court of Appeals for the Ninth Circuit Case Number 11-73337**

On November 3, 2011, Petitioner filed in the United States Court of Appeals for the Ninth Circuit a "Request to File a Second Petition, etc."  The Application alleged, among other things, that Petitioner was actually innocent of the "1986" prior conviction[3] and that the "1986" prior conviction assertedly should not have been used to enhance Petitioner's sentence in the 2001 case.  The Ninth Circuit denied the Application on December 8, 2011.

**VIII.  Gholar v. Sherman, United States Court of Appeals for the Ninth Circuit Case Number 15-70725**

Petitioner filed an "Application for Leave to File Second or Successive Petition etc." on March 9, 2015.  Petitioner alleged that his 2001 sentence was improperly enhanced by the "1986" prior conviction.[4]  The Ninth Circuit denied the Application on April 30, 2015.

**IX.  Gholar v. Sherman, United States Court of Appeals for the Ninth**

---

[3] Again, it is obvious from context that the "1986" prior conviction was Petitioner's 1987 conviction in Los Angeles County Superior Court case number A091875.

[4] Again, in context it is clear that the "1986" prior was the 1987 conviction in Los Angeles County case number A091875.

9

1 **Circuit Case Number 16-71643**

Petitioner filed an "Application for a Second or Successive Petition" on May 23, 2016. The Application purported to challenge both the 2001 conviction and the "1986" conviction.[5] Petitioner contended, among other things, that he was actually innocent of the earlier conviction. The Ninth Circuit denied the Application on November 1, 2016. The Ninth Circuit also ruled that, to the extent Petitioner sought to challenge his 1987 conviction, Petitioner was not entitled to federal habeas corpus relief, citing <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. at 402, and <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (for the purpose of federal habeas corpus jurisdiction, a habeas petitioner is not "in custody" under a conviction the sentence for which has fully expired at the time the petition is filed).

**X.   <u>Gholar v. Martel, United States District Court for the Central District of California Case Number 18-2033-ODW(E)</u>**

Petitioner filed a habeas corpus petition on March 9, 2018, in the United States District Court for the Eastern District of California. On March 12, 2018, the United States District Court for the Eastern District of California transferred the action to this Court. Therein, Petitioner again sought to challenge Petitioner's 1987 conviction alleging, <u>inter alia</u>, that Petitioner supposedly was actually innocent. On June 5, 2018, the Court filed an "Order of

---

[5] Again, Petitioner was referencing the 1987 conviction in Los Angeles County Superior Court case number A091875.

Dismissal," holding that the Court lacked jurisdiction to entertain any challenge to the 1987 conviction or the 2001 conviction. The Court explained that: (1) Petitioner no longer was "in custody" under the 1987 conviction; and (2) any challenge to the 2001 conviction was "second or successive" within the meaning of 28 U.S.C. section 2244(b). On June 6, 2018, the Court entered Judgment, denying and dismissing the petition without prejudice.

**XI.  Gholar v. Martel, United States Court of Appeals for the Ninth Circuit Case No. 18-71863**

On June 27, 2018, Petitioner filed an application in the Ninth Circuit, again seeking leave to file a second or successive petition with respect to the 1987 conviction. On March 18, 2019, the Ninth Circuit filed an order stating that Petitioner's application need not be considered because Petitioner no longer was "in custody" on the 1987 conviction.

**DISCUSSION**

To the extent Petitioner again seeks to challenge his expired 1987 conviction, the Court lacks jurisdiction to entertain any such challenge. Under section 2254 of Title 28 U.S.C., a district court may entertain a habeas petition filed "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Subject matter jurisdiction over such a petition exists only where, at the time of filing, the petitioner is "in custody" under the conviction challenged in the petition. Maleng v. Cook, 490 U.S. at

11

490-91; see Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) ("in custody" requirement is jurisdictional). A habeas petitioner does not remain "in custody" under a conviction once the sentence imposed for the conviction has "fully expired." Maleng v. Cook, 490 U.S. at 492. As the Ninth Circuit stated in Gholar v. Sherman, United States Court of Appeals for the Ninth Circuit Case Number 16-71643 and in Gholar v. Martel, United States Court of Appeals for the Ninth Circuit Case Number 18-71863, Petitioner's 1987 conviction has expired. Therefore, this Court lacks jurisdiction to entertain any challenge to that conviction.

To the extent Petitioner again seeks to challenge his 2001 conviction, the Court also lacks jurisdiction to entertain any such challenge. See 28 U.S.C. § 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at

*2-4 (C.D. Cal. Mar. 6, 2008). Petitioner has not yet obtained authorization from the Ninth Circuit Court of Appeals. Indeed, on multiple occasions the Ninth Circuit has denied Petitioner authorization to file a second or successive petition. Consequently, this Court cannot entertain any challenge to Petitioner's 2001 conviction. See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

Contrary to Petitioner's apparent argument, Petitioner's purported "actual innocence" would not permit an exception to section 2244(b)'s requirement of first obtaining authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. See Gage v. Chappell, 793 F.3d 1159, 1169 (9th Cir. 2015); Ivey v. Paramo, 2018 WL 4153147, at *3 (S.D. Cal. Aug. 30, 2018); see also Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (even when a petitioner can demonstrate he or she qualifies for an exception contemplated in section 2244(b)(2), the petitioner "must seek authorization from the court of appeals before filing his new petition with the district court").
///
///
///
///

**ORDER**

For the foregoing reasons, the Petition and Petitioner's Motions are denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 22, 2019.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED this 18th day of
April, 2019, by:

        /s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE